UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIBEL ROBLES-GARCIA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 8:19-cv-1399-T-NPM

**ORDER**

Before the Court is the Amended Petition for Authorization of an Attorney Fee (Doc. 32), Response (Doc. 36), Reply (Doc. 38), Clarification Notice (Doc. 41), and Sur-Reply (Doc. 42). Attorney Heather Freeman seeks attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $25,386.67. (Doc. 32, p. 1). The parties consented to proceed before a United States Magistrate Judge. (Doc. 35). For the following reasons, the Court denies the amended petition without prejudice.

**I.    Relevant Procedural History**

Beginning in 2013, the Social Security Administration ("SSA") began redetermining entitlement to benefits in cases containing evidence from individuals who were indicted for fraud, including Dr. Hernandez-Gonzalez and Torres Crespo. (Doc. 36, p. 1). Based on the criminal charges against these individuals, SSA

disregarded evidence from these sources submitted in Plaintiff's case. (*Id.*). On March 13, 2020, SSA moved to remand this case pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26). In the Order remanding the case, the Court reversed and remanded the action for further proceedings, reinstated Plaintiff's benefits as of January 18, 2017, continued Plaintiff's benefits until the Commissioner issued a new final decision, and suspended any pending overpayment collection processes. (*Id.*, pp. 2-3).

On September 21, 2020, SSA sent Plaintiff a notice explaining that SSA reinstated her benefits and is required to provide a new redetermination hearing and decision. (Doc. 32-2, p. 2). SSA further advised that it "will send you another letter with additional information about your lawyers' fee when we make a *final decision* on your claim." (*Id.*, p. 3 (emphasis added)). SSA also advised that it "may still decide that you were not disabled from November 15, 2008 to March 26, 2012. If we find that you were not disabled, we will have paid you too much. You may have to pay back the amount we paid you. If this happens, we will send you another letter with detailed information about your rights." (*Id.*, pp. 3, 7).

## II. Analysis

Under 42 U.S.C. §406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in

2

> excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). The statute provides that if and only if a claimant is entitled to the past-due benefits, will counsel be eligible for fees from the past-due benefit award. In this case, the decision whether Plaintiff is entitled to past-due benefits has not been resolved. (Doc. 32-2). Until the decision is final, counsel's request for attorney's fees is premature.

Counsel argues alternatively that if she is not permitted to file a premature petition, she may not be notified of a final decision on entitlement, and any subsequent motion may be untimely. (Doc. 38, p. 1). Counsel posits notices are sent to plaintiffs only—the majority of whom are not literate in English—and many will not inform counsel. (*Id.*, pp. 1-2). If the Court denies the Petition as premature, Counsel requests the Court instruct the Commissioner to continue to withhold 25% of the past-due benefits and promptly notify Counsel upon the issuance of a final decision as to Plaintiff and the auxiliary beneficiaries. (*Id.*, p. 2). Counsel also requests the Court toll the proceedings on attorney fees until she receives actual notice. (*Id.*).

The Commissioner responds that the Privacy Act prohibits the disclosure of an individual's records without consent, absent certain exceptions. (Doc. 42, p. 2 (citing 20 C.F.R. § 401.100)). When a plaintiff gives consent to release information to her counsel by completing and submitting an SSA Form 3288, counsel has access

to the records. (*Id.*). Thus, Counsel is free to contact her client to obtain this consent form. With this alternative, Counsel will receive notice and the Court need not intercede.

Accordingly, the Amended Petition for Authorization of an Attorney Fee (Doc. 32) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 13, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE